UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Crim. No. 04-10299-PBS

UNITED STATES OF AMERICA

v.

GILBERTO ZAYAS,

Defendant

**DEFENDANT'S MEMORANDUM OF LAW IN**
**SUPPORT OF HIS MOTION TO SUPPRESS**

The defendant submits this Memorandum of Law in support of his motion to suppress.

### Factual Background

On or about September 19, 2003 the defendant was operating a friend's Mercury Mountaineer Sport Utility Vehicle with a Massachusetts license plate on Interstate Highway 95 in North Carolina. At that time the vehicle was pulled over by a North Carolina State Police trooper in a marked cruiser. The officer stated to the defendant that he had been speeding. The officer called for support and shortly thereafter additional police officers arrived to assist in a search of the defendant's vehicle. A canine unit sent a dog through the vehicle. The officers discovered a hidden compartment in the rear of the vehicle. Although, the compartment was empty, the dog allegedly reacted positively for the presence of cocaine residue therein. The vehicle was impounded and the defendant was taken to the state police barracks. He was questioned by one or more of the police officers regarding his identity, residence, destination, purpose of the trip and relationship to the vehicle's owner. He was not advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966), at any point during the interrogation. He was not charged with any offense, not

even the alleged speeding violation but was released at the end of the questioning. The vehicle remained in police custody.

## Argument

**I. There was no Probable Cause to Stop the Vehicle.**

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches, with limited exceptions, are *per se* unreasonable. California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982 (1991); United States v. Lopez, 380 F.3d 538, 543 (1st Cir. 2004). A motor vehicle search is one such exception but it must, nevertheless, be grounded in probable cause. United States v. Ross, 456 U.S. 798, 808 (1982)(requiring a showing of probable cause to believe vehicle contained contraband). "Probable cause exists when police officers, relying on reasonably trustworthy facts and circumstances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime." United States v. Young, 105 F.3d 1, 6 (1st Cir. 1997)(citation omitted).

The state trooper in this case had no probable cause to stop the defendant's vehicle. His allegation that the defendant was speeding was a pretext for an investigative stop. That pretext is belied by the fact that the defendant was never issued a citation for such offense. It is also undermined by the rapidity with which the back-up officers appeared on the scene after the initial stop and their precipitous use of the canine unit. The government has the burden to establish the lawfulness of the search. Mincey v. Arizona, 437 U.S. 385, 390-391, 98 S.Ct. 2408 (1978). Any evidence flowing from the illegal seizure must be suppressed, including, but not limited to the existence of the hidden compartment, the canine alert to alleged drug residue, and any statements made by the defendant in

response to police questioning.

## II. Defendant's Statements Must Be Suppressed Under the Fifth Amendment.

**Fifth Amendment Custodial Interrogation.** Pursuant to the holding in <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966), statements made by a defendant during a custodial interrogation may be used against him only if he has first been fully advised of the panoply of rights articulated in that landmark decision: the right to remain silent, the right to be advised that any of his statements could and would be used against him in court, the right to an attorney, the right to appointed counsel if indigent, and the right to stop the questioning at any time. Even if the rights are properly given, a defendant's subsequent waiver of them must be unequivocal. <u>Id</u>.

In the instant case, there was a custodial interrogation. There was also clearly no recitation of the <u>Miranda</u> rights either orally or in writing. Without the full advisement of such rights, let alone any adequate waiver of them, none of the defendant's statements can be said to be voluntary. Thus, under the Fifth Amendment, they must be suppressed.

### Conclusion

For the reasons stated above, the motion to suppress should be allowed.


Respectfully submitted,
GILBERTO ZAYAS,

By his attorney,


/S/ Raymond E. Gillespie

Raymond E. Gillespie
rgillespie1@prodigy.net
B.B.O. #192300
875 Mass. Ave  Suite 32
Cambridge   MA    02139
(617) 661-3222

**CERTIFICATE OF SERVICE**

I, Raymond E. Gillespie, hereby certify that I served the foregoing Defendant's Memorandum in Support of Motion to Suppress by electronically mailing copies thereof to all counsel listed to receive electronic notice of filing and on all parties not listed to receive notice of electronic filing by mailing a paper copy thereof to each at the address listed therein on the date indicated below:

S/Raymond E. Gillespie
Raymond E. Gillespie

January 17, 2006